UNITED STATES DISTRICT COURT78
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
JORGE BATISTA,

                Plaintiff,                                    **COMPLAINT**

   -against-                                        **PLAINTIFF DEMANDS TRIAL BY JURY**

METROPOLITAN TRANSPORTATION AUTHORITY,

                Defendant.
------------------------------------------------------------------------X

Plaintiff, JORGE BATISTA, by his attorney, PHILIP J. DINHOFER, LLC, complaining of the defendant, respectfully shows to this Court and alleges:

1.      The action herein arises under the Federal Employers' Liability Act (45 U.S.C. Sec. 5l, et seq.), as hereinafter more fully appears.

2.      Upon information and belief and at all times herein mentioned, the defendant, METROPOLITAN TRANSPORTATION AUTHORITY was a Public Authority, duly organized and existing under and by virtue of the laws of the State of New York and authorized to do business within the jurisdiction of this Court.

3.      At all time herein mentioned, the defendant, METROPOLITAN TRANSPORTATION AUTHORITY, was engaged in interstate commerce by rail and operated a system of railroads and railroad yards within the jurisdiction of this court and in various states.

4.      That on and/or prior to March 4, 2017 the Defendant, METROPOLITAN TRANSPORTATION AUTHORITY, employed the plaintiff, JORGE BATISTA, as a Police Officer, under its direction and control and in furtherance of its business with interstate commerce.

5. The Federal Employers' Liability Act imposes upon the defendant railroad employer the duty to provide its employees, including the plaintiff, JORGE BATISTA, with a safe place to work and with safe tools and equipment with which to work.

6. That on, and prior to, March 4, 2017, the defendant, METROPOLITAN TRANSPORTATION AUTHORITY owned, maintained, operated, controlled, supervised and/ or otherwise assigned its police officer's to patrol duties at Brewster Station, Brewster, NY, under its direction and control.

7. That while the plaintiff, JORGE BATISTA, was in the performance of his duties as a Police Officer at or near the aforesaid location he was caused to sustain severe and disabling injuries by the reason of the negligence, carelessness, recklessness of the defendant as herein set forth.

8. That on March 4, 2017 while on patrol at Brewster Station, Brewster, NY, plaintiff and his police partner P O John King came across a male subject who was making graffiti on the glass of an overpass.

9. When the plaintiff and his police partner approached the male subject he became combative, resisting and fighting with the two officers.

10. During the struggle to place the male subject in custody, plaintiff attempted to tackle him and in so doing both officers and the male subject fell through a door.

11. The door was situated at the precipice of a stairway of approximately three flights, which the two police officers and the male subject all fell and tumbled down to the stairway's bottom, or in reasonably close proximity thereto.

12. The door had no locking mechanism when closed,

13. The door had no working check, if any.

14. The door would only open in one direction, outward from the overpass towards the stairway.

15. The door did not provide any resistance when the three made contact with it.

16. As a result of falling down the stairway the plaintiff suffered multiple compression fractures to the body of his thoracic and/or lumbar vertebrae and was thereby caused to be absent from his employment with the defendant, suffering lost wages and other such general and compensatory damages both past, present and future.

17. That injury arising from the afore-described manner by which the door was set to open outward from the overpass and into the precipice of the said stairway without any locking mechanism or appropriately resistive door check mechanism was reasonably foreseeable.

18. That the said accident and resulting injuries to the plaintiff were caused solely by reason of the negligence, carelessness and recklessness of the defendant, its agents, servants and/or employees' in failing to exercise due care and diligence; in failing to provide plaintiff with a safe place to work and safe equipment with which to work; in failing to promulgate safety rules and procedures for activities carried out by their personnel at the aforesaid place; in failing to warn plaintiff of the existence of the dangers involved in the performance of her duties as a Police Officer; in failing to provide the plaintiff with the necessary and proper tools and equipment with which to work; in failing to make proper and adequate provisions for the safety of plaintiff; in failing to provide plaintiff with a door that contained a properly working locking mechanism; in failing to provide plaintiff with a door that contained a properly working check mechanism; in failing to provide plaintiff with a door that contained a properly resistive mechanism; by providing plaintiff with a door that opened one way into the precipice of a stairway; by providing plaintiff with a door that opened one way into the precipice of a stairway when the placement of such a door at the

bottom of the stairway would have been a much safer alternative; by providing a door where none was needed; in failing to timely and properly act upon complaints made regarding the improper direction by which the door opened; in failing to inspect, maintain and keep in safe and proper repair the aforesaid doorway and location; in that the defendant failed to promulgate and enforce proper and safe rules for the safe conduct of the work operations of the railroad and the defendant was otherwise generally negligent under the circumstances.

19. That the said injuries occurred while the plaintiff was acting in furtherance of interstate commerce, or in work substantially affecting the same.

20. That the plaintiff, JORGE BATISTA, was damaged thereby in the sum of TWO MILLION ($2,000,000.00) DOLLARS.

WHEREFORE, plaintiff, JORGE BATISTA, demands judgment against the defendant, METROPOLITAN TRANSPORTATION AUTHORITY, in the sum of TWO MILLION ($2,000,000.00) DOLLARS, together with the costs and disbursements of this action.

Dated: Rockville Centre, New York
       February 12, 2020

*Philip J. Dinhofer*

By: Philip J. Dinhofer, #6940
PHILIP J. DINHOFER, LLC
Attorneys for Plaintiff(s)
77 N. Centre Ave. - Suite 311
Rockville Centre, NY 11570
516-678-3500